## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JAMES BARENDS, individually and on
behalf of all others similarly  situated
who consent to their inclusion;

      Plaintiff,

  v.

CIRCLE K STORES, INC.,
a foreign corporation,

      Defendant.

CASE NO.


COLLECTIVE ACTION
REPRESENTATION

## COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FLSA AND DEMAND FOR JURY TRIAL

Plaintiffs, JAMES BARENDS, individually and on behalf of all others similarly situated who consent to their inclusion in this class action, brings this lawsuit against the above captioned Defendant, CIRCLE K STORES, INC. ("Circle K" or "Defendant) for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty hours a week.

### INTRODUCTION

1.  The Fair Labor Standards Act is our nation's foremost wage law.  The overtime requirements of the Fair Labor Standards Act ("FLSA") were designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29

U.S.C. §§206(a) & 207(a). It requires minimum wage and overtime pay for certain non-exempt employees. 29 U.S.C. Sec. 213.

2.       Plaintiff, JAMES BARENDS (herein referred to as "Barends" or "Plaintiff") worked for Defendant from April 15, 1990 until his termination on or about May 1, 2013, spending approximately the last two (2) decades at one of Defendant's store locations wherein he was designated as a "Store Manager."

3.       Plaintiff, like his fellow Store Managers and members of this putative Class working in various stores owned and operated by Defendant across the nation, were paid on a salary basis and improperly classified by Defendant as exempt employees under the FLSA. As such, Defendant deemed by its misclassification of Plaintiff and such putative Class members that such employees were not entitled to receive overtime compensation under the FLSA for hours that they worked for Defendant in excess of forty (40) hours per workweek.

4.       Further, Plaintiff, like his fellow Store Managers in Defendant's stores and members of the Class, in the past and still to this day, were systematically denied any overtime pay for hours that they consistently worked in excess of forty (40) hours on behalf of Defendant.

5.       Accordingly, Plaintiff Barends, individually, and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue Defendant, Circle K for violations of the Fair Labor Standards Act for: (1) failing to pay the Plaintiff (and others similarly situated) overtime compensation and (2) failing to maintain and preserve accurate and true records of all hours worked.

## CLASS DEFINITION AND RELIEF SOUGHT

6.       This collective action is to recover from Defendant overtime compensation, liquidated damages, prejudgment interest, and the costs and reasonable attorney's fees under 29 U.S.C. §216(b) on behalf of the Plaintiff and similarly situated persons composed of:

All Store Managers who worked in Defendant's Store locations in the past three (3) years preceding this lawsuit to the day of trial, and elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more work weeks but were not paid overtime compensation for such time.

## JURISDICTION AND VENUE

7.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive.

8.     This Court has personal jurisdiction over this action because the Defendant is engaged in business within the state of Florida.

9.     Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because the acts complained of herein took place in this District and Plaintiff worked in the state of Florida for the Defendant.

## THE PARTIES

## JAMES BARENDS

10.     At all times relevant to this action, Representative Plaintiff, James Barends, resided in Pinellas County, Florida.

11.     At all times relevant to this action, Plaintiff worked for Defendant at one of its store locations in Pinellas County, Florida.

12.     At all times relevant to this action, Plaintiff, and all other members of the proposed FLSA collective action, were employees of Circle K within the meaning of 29 U.S.C. § 203(e)(1).

13.     Plaintiff worked as a Store Manager during his employment with Circle K from April 15, 1990 until his termination on or about May 1, 2013.

14.     For purposes of the collective action, Plaintiff Barends consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). See Exhibit A

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

15.     At all times relevant to this action, Circle K employed Plaintiff and all other Store Managers of the proposed FLSA collective action within the meaning of 29 U.S.C. § 203(g).

## CIRCLE K

16.     Defendant Circle K is a for-profit corporation which owns and operates convenience stores across the United States, with its principle place of business at 1130 W. Warner Rd., Building B, Tempe, Arizona 85284.

17.     Circle K is one of the nation's leading convenience store chains, with over 3,300 stores nationally.

18.     Based upon information and belief Circle K employs thousands of Store Managers throughout the United States.

19.     Circle K conducts substantial business in the state of Florida and throughout the country subjecting it to enterprise coverage under the FLSA.

20.     Circle K had more than $500,000 in revenues for the years of 2009, 2010, 2011, and 2012.

21.     At all relevant times, Circle K has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

22.     Circle K is subject to the FLSA as a matter of law.

## GENERAL ALLEGATIONS

23.     Based upon information and belief, all or substantially all stores operate with the same training models for employees, career paths, job titles, hierarchy, and employee policies and procedures.

24.     Based upon information and belief, all Store Managers are supervised by District Managers, also referred to as Market Managers, who oversee the management of several stores at

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

a time.

25.     Based upon information and belief, the Store Manager Position job description is the same for all states.

26.     No college education is required for the Store Manager Position.

27.     Plaintiff and members of the Class worked numerous overtime hours on a regular and essentially weekly basis on behalf of Circle K in the performance of their duties as Store Managers.

28.     Plaintiff and all other members of the proposed collective class action, were employees of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

29.     Plaintiff and members of the Class were misclassified by Defendant as exempt employees who were and/or are not entitled to receive overtime compensation under the FLSA for hours that they work on behalf of Defendant in excess of forty (40) hours per week.

30.     Despite Defendant's classification of its Store Managers, such as Plaintiff and members of the Class, as being exempt from the overtime protections of the FLSA, the primary duties, responsibilities and actual circumstances of such Store Managers' work environment, as well as the character of their job as a whole, dictate that they were and/or are not exempt under the FLSA.   The reality was and is that Plaintiff and members of the Class were and/or are not in reality managers or executives as that term is defined pursuant to the FLSA.

31.     During his employment with Defendant, Plaintiff's and members of the Class' primary job duty was not to supervise subordinate employees or manage Defendant's enterprise, as that term is defined under the FLSA.  Plaintiff and members of the Class would often refer to themselves as "glorified cashiers," based upon the inordinate amount of time that they spent performing the duty of a cashier in a given shift.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

32.     Plaintiff's and members of the Class' job duties also included, among other things, unloading trucks, stocking shelves, cleaning restrooms and other parts of the store location in which they worked, painting, performing clerical work related to payroll and other pre-established form duties and any other task assigned or directed to do by the District Manager.

33.     Plaintiff and members of the Class did not have the authority to hire or fire employees, nor could they set pay, provide pay raises to employees or promote employees and make any other type of personnel decision; only their superior or District Manager had such authority to do so.

34.     Likewise, Plaintiff and members of the Class did not perform job duties which involved the exercise of discretion and independent judgment, nor did they enjoy the authority to make independent decisions on matters that affected the business as a whole or any significant part of the business.

35.     Plaintiff was paid a salary of approximately Eight Hundred Dollars ($800.00) per week and was scheduled to work fifty (50) hours per week.

36.     Despite his schedule, Plaintiff consistently averaged closer to sixty-five (65) hours per week, sometimes more, often working for other employees who were out sick or absent for various reasons.

37.     Defendant is very zealous about minimizing the amount of overtime hours that it has to pay to its hourly employees working in its store locations.

38.     As a result, Defendant has engaged in a systematic practice of using and forcing its salaried Store Manager employees who do not receive overtime pay to work many hours in order to avoid having to pay its hourly employees for such overtime work.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

39.     Plaintiff spent the great majority of his time while employed performing menial job duties, which had nothing to do with managing the Defendant's store or enterprise, as that term is defined and/or contemplated under the FLSA.

40.     The Defendant willfully violated and continues to violate §207 of the FLSA by failing to pay Plaintiff and others similarly situated the proper overtime compensation for all hours worked in excess of forty (40) per week.

41.     Upon information and belief, for the three-year period before this filing, (the "Class Period"), the continued violations of the FLSA §207 that are complained of herein have been practiced and imposed upon all Store Managers of Circle K stores nationwide, who have regularly worked in excess of forty (40) hours per week.   There are more than 3,300 stores nationwide, each modeled with uniformity and each with Store Managers.

42.     The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty (40) worked in a week. 29 U.S.C. S 207(a)(1).   Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

43.     Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

44.     Plaintiff and members of the Class were, and continue to be, required to work more than forty (40) hours a week during the course of their employment with Defendant.

45.     Plaintiff herein alleges on behalf of the members of the Class that Defendant's failure to pay overtime and other compensation was and is knowing and willful.   Accordingly, Plaintiff and the Class seek and are entitled to recover all overtime pay due from overtime hours

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

worked for which compensation was not paid, liquidated damages, prejudgment interest, attorneys' fees and costs under the FLSA's three (3) year statute of limitations.

## <u>FAILURE TO MAINTAIN TRUE<br>& ACCURATE RECORDS OF HOURS WORKED</u>

46.    Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Class, as well as the applicable compensation rates, is in the possession of Defendant.

47.    However, and to the extent records are unavailable, Plaintiff and members of the Class may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680 (1946).

48.    All employers subject to the FLSA must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

49.    With respect to an employee subject to the minimum wage provisions the following records must be kept:

    a.    Personal information, including employee's name, home address, occupation, sex, and birth date if under 19 years of age;

    b.    Hour and day when workweek begins;

    c.    Regular hourly pay rate for any week when overtime is worked;

    d.    Total hours worked each workday and each workweek;

    e.    Total daily or weekly straight-time earnings;

    f.    Total overtime pay for the workweek;

    g.    Deductions from or additions to wages;

    h.    Total wages paid each pay period; and

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

i.   Date of payment and pay period covered

50.     Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not other statutory violations exist. *See,* 29 U.S.C. § 215(a)(5); *Also See,* Dunlop v. Gray-Goto, Inc., 528 F.2d 792 (10th Cir. 1976).

51.     Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act.  An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked.  *See,* Wirtz v. First State Abstract Ins. Co., 362 F.2d 83 (8th Cir. 1966); Boekemeier v. Fourth Universalist Soc'y, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).

52.     An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. *See,* Myers v. The Copper Cellar Corp., 192 F.3d 546, 551 n.9 (7th Cir. 1999) , *citing* Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).

53.     Defendant has failed to accurately record, report, credit and/or compensate its employees, including Plaintiff and Class members' time records.

54.     Defendant has failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR 516.2 and 29 U.S.C. §§ 211, 216 and related laws.

## COLLECTIVE ACTION ALLEGATIONS

55.     Plaintiff brings this action on behalf of the Class, as a collective action pursuant to the Fair Labor Standards Act § 216(b).

56.     In Young v. Cooper Cameron Corp., the court stated that: "The requirements of Fed. R. Civ. P. 23 do not apply to the approval of a collective action and thus no showing of

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

numerosity, typicality, commonality and representativeness need be made." Young v. Cooper Cameron Corp., 229 F.R.D. 50, 54 (S.D.N.Y. 2005)

57.     Still, despite the Young Court's ruling, the members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of the members of the Class is unknown to the Plaintiff at this time, and can only be ascertained through appropriate discovery, the Plaintiff believes there are at a minimum hundreds of individuals in the defined class, if not thousands.

58.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced and competent in class/collective actions and employment litigation.  Plaintiff has no interest that is contrary to, or in conflict with, members of the Class.

59.     A collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

60.     A collection action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the members of the Class likely will not obtain redress of their injuries and Defendant will retain the proceeds from its violations of the FLSA.

61.     Furthermore, even if any member of the Class could afford individual litigation against the Company, it would be unduly burdensome to the judicial system.  The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class, and provide for judicial consistency.

62.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The question of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action. Among common questions of law and fact are:

     a.  Whether Defendant employed members of the Class within the meaning of the applicable provisions of the FLSA;

     b.  Whether Plaintiff and members of the Class were and/or are improperly classified as exempt pursuant to the protections of the FLSA;

     c.  Whether Defendant and members of the Class were expected to, and/or mandated to regularly work hours in excess of forty (40) per week;

     d.  Whether Defendant knowingly failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Class; and

     e.  Whether Plaintiff and the Class have sustained damages, and if so, what is the proper measure of such damages.

63.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

64.     Pursuant to 20 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

> All Store Managers who worked for Defendant as employees in the past three years preceding this lawsuit to the day of trial, and elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more work weeks but were not paid overtime compensation for such time.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

65.     Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or internet publication.

## COUNT I – OVERTIME DUE UNDER THE FLSA

66.     Paragraphs one (1) through sixty five (65) are realleged as if fully set forth herein.

67.     At all relevant times, Defendant employed Plaintiff, and/or each member of the Class and/or continues to employ members of the Class, within the meaning of the FLSA.

68.     Defendant has a policy and practice of refusing to pay overtime compensation to Store Managers for the hours worked in excess of forty (40) hours per week.

69.     Defendant knowingly and willfully failed to pay Plaintiff and all other members of the Class overtime compensation at the appropriate legal rate for all hours they performed work on behalf of Defendant above and beyond forty (40) hours per workweek in violation of the FLSA; in particular 29 U.S.C. §§ 206 and 207.

70.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71.     Due to Defendant's FLSA violations, Plaintiff alleges on behalf of the members of the Class that they have suffered damages and are entitled to recover from Defendant the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

**WHEREFORE** Plaintiff, James Barends, prays for:

a.   An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to §216(b) and that notice be sent to all past and present employees of Circle K at any time during the three year period immediately preceding the filing of this

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

suit, through and including the date of this Court's issuance of the Court Supervised Notice;

b.  An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

c.  That the Court find Circle K in violation of the overtime compensation provisions of the FLSA and that the Court find that Circle K's violations of the FLSA were and are willful;

d.  That the Court award Barends, the putative Class and all similarly situated employees overtime compensation for all the previous hours worked over forty (40) hours, that they did not receive at least one and one-half time compensation for, in any given week during the past three years, AND liquidated damages of an equal amount of the unpaid overtime compensation; in addition interest on said award pursuant to § 216 of the FLSA.

e.  That the Court award Barends a collective action representative fee for his efforts and time dedicated to bringing justice through this action; and

f.  That the Court award any other legal and equitable relief as this Court may deem appropriate.

Feldman Morgado, PA | 501 N. Reo Street | Tampa | Florida | 33609 | PH 813-639-9366

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

**Dated:  June 20, 2013**

Respectfully submitted,

**FELDMAN MORGADO, P.A.**

Mitchell L. Feldman, Esquire
Florida Bar No.:  0080349
Bradley A. Tobin, Esquire
Florida Bar No.:  0101818
501 North Reo Street
Tampa, Florida 33609
Tel:     813-639-9366
Fax:     813-639-9376
Email: mfeldman@ffmlawgroup.com
        btobin@ffmlawgroup.com
*Attorney(s) for Plaintiff,*
*James Barends.*