**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JAMES BARENDS and
MELISSA THIBODEAUX,
Individually and on behalf of all
others similarly situated who
consent to their inclusion,**

      **Plaintiffs,**

**v.**                                           **Case No. 8:13-cv-1623-T-35TBM**

**CIRCLE K STORES, INC.,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court for a Report and Recommendation on the parties' **Joint Motion to Approve the Parties' Settlement** (Doc. 153). By their Motion, the parties seek the Court's approval of a negotiated settlement of all disputed issues including attorneys' fees and costs. A fairness hearing on this matter was conducted on May 8, 2014.[1] For the reasons below, it is **RECOMMENDED** that the Motion be **GRANTED**.

A.

This is a collective action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., by Plaintiffs, James Barends and Melissa Thibodeaux, to recover unpaid overtime wages in connection with their former employment at Circle K in the

---

[1]At the direction of the Court, the Plaintiffs and opt-in Plaintiffs were noticed of the hearing. None chose to appear.

position of "store manager."[2] According to Plaintiffs, both long-time employees at Defendant's stores, individuals who have worked in the position of store manager at Circle K nationwide during the applicable limitations period performed primary job duties that were non-exempt in nature but were nonetheless classified by Defendant as "exempt" and paid on a salaried basis without receiving compensation at time and one half of their applicable regular rates of pay for those hours worked over forty (40) hours per week in violation of the FLSA. *See* (Doc. 11).[3] Forty-eight (48) individuals consented to join the suit as opt-in Plaintiffs. In response, Defendant maintains that persons employed by Circle K as store manager are properly classified as exempt from the FLSA's overtime provisions. Circle K also denies that the Proposed Defendants employed any Plaintiff or opt-in Plaintiff. Defendant contends that even if the individuals were not exempt, their salaries actually paid covered all of their hours worked each week such that, at best, they could claim compensation on a half-time basis. Moreover, it insists that it has acted in good faith and with reasonable grounds to support its compensation scheme for "Store Managers" such that neither Plaintiffs nor opt-in Plaintiffs may claim liquidated damages. ((Doc. 153).

As reflected in the instant Motion, the parties represent that counsel have engaged in good faith settlement discussions since the outset of the suit. Negotiations included consideration of applicable records from Plaintiffs and opt-in Plaintiffs' employment records

---

[2] While Plaintiffs brought their claims individually and on behalf of all others similarly situated, settlement was reached prior to Plaintiffs seeking conditional certification.

[3] There remains pending Plaintiffs' Motion for Leave to file Second Amended Complaint. (Doc. 108). The motion seeks to add Alimentation Couche-Tard, Inc., Mac's Convenience Stores, LLC, and Midwest Convenience Stores, Inc. ("the Proposed Defendants") (Doc. 108). These proposed Defendants join in the settlement. If the settlement is approved, the motion will be rendered moot.

as well as their own individual overtime calculations. After extensive negotiation and in light of the inherent costs and risks of engaging in protracted litigation, the parties, in effect, agreed not to agree on certain of their disputes and contentions, and instead to enter into a compromise settlement to resolve all the Plaintiffs' and opt-in Plaintiffs' claims including any they might have as against the Proposed Defendants. The terms of the agreement are set forth in a Settlement Agreement and Full and Final Release of All Claims (Doc. 153-1), which has been agreed to by Plaintiffs and each opt-in Plaintiff. Consistent with the applicable standard, the parties have presented the Settlement Agreement for the Court's consideration of its fairness. *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306-07 (11th Cir. 2013); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982).[4]

B.

As summarized in the Motion, the Plaintiffs, opt-in Plaintiffs, Defendant, Alimentation Couche-Tard, Inc., and Mac's Convenience Stores LLC agree broadly that in exchange for their releases and the dismissal of this suit, the Plaintiffs and opt-in Plaintiffs shall receive from Circle K the total sum of $750,000 which includes $231,000 for legal fees and costs. By the Motion, it is agreed that this sum is sufficient to compensate each Plaintiff and opt-in Plaintiff for every hour of overtime claimed by them in their respective answers to the Court's interrogatories or as otherwise claimed by their counsel, for the two-year statute

---

[4] In *Lynn's Food Stores,* the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

of limitations period deemed applicable in the circumstances of this case, at the applicable half-time rate of each individual's weekly salary.[5] The settlement does not include any award of liquidated damages. The settlement includes a confidentiality provision whereby the Plaintiffs and opt-in Plaintiffs agree that they have not and will not discuss the settlement, except in limited circumstances. Thus, the settlement reflects a compromise from Plaintiffs' original claims that Defendant willfully violated the minimum wage provisions of the FLSA such that damages for three years and liquidated damages were owed. Nonetheless, respective counsel urge that the settlement is the reasonable and fair resolution of their bona fide disputes under the FLSA.

C.

Upon my consideration, I find the Settlement Agreement a fair and reasonable compromise of disputed claims and RECOMMEND that such should be APPROVED by the Court. Counsel on both sides are experienced labor law attorneys with considerable experience in FLSA matters. They demonstrate a thoughtful and notable good faith effort to resolve disputed claims over overtime pay and arms-length negotiations in reaching this settlement. By counsels' assessment, after discovery, the Settlement Agreement reveals a fair compromise on the disputed issues while allowing full compensation at the half-time rate and recognition by all concerned of the inherent risks of proceeding to trial on those issues as well as recognition of the great expense which would be incurred with protracted litigation. I agree with that assessment. As for the compromise related to the two-year period of

---

[5]The specific amounts agreed to be paid to the Plaintiffs and each opt-in Plaintiffs are separately set forth in the Acceptance and Verification of Settlement Agreements executed by each of the individuals. *See* (Doc. 153-2).

4

limitations and the lack of an agreement to award liquidated damages, I find nothing in the proffered evidence or in the arguments which suggests that Defendant's or Proposed Defendants' pay practices were willfully in violation with the FLSA such that the three-year limitations period is applicable to these claims or that liquidated damages are required. Otherwise, the method for calculation of the individual awards appears consistent with applicable law.  29 U.S.C. § 207; 29 C.F.R. §§ 778.109 and 778.113; *Rodriquez v. Farm Stores Grocery, Inc.,* 518 F.3d 1259, 1266-70 (11th Cir. 2008).  Before agreeing on the settlement, the Plaintiffs and each of the 48 opt-in Plaintiffs had the benefit of discovery and competent legal advice from counsel on the benefits and consequences of a settlement.  Each has expressed his or her approval of the compromised Settlement Agreement.  (Doc. 153-2). Moreover, each was noticed of the fairness hearing and of the opportunity to be heard.  None chose to appear.  In exchange for their respective awards, Plaintiffs and each opt-in Plaintiff also agree to release Defendant and the Proposed Defendants from any and all claims and to the dismissal of this suit.  By all that is before the Court, the compromise is fair and reasonable under the circumstances.

    Counsel demonstrate that the matter of legal fees and costs were negotiated separate from the resolution of the Plaintiffs' claims such that the agreement to pay fees and costs had no effect on the underlying settlement with Plaintiffs and the opt-in Plaintiffs.  Counsel further agree that the Settlement Agreement has no impact on the rights of other employees or former employees of Defendant or the Proposed Defendants not party to this suit.[6]

---

[6] I do find the Confidentiality provision of the Settlement Agreement superfluous in light of the fact that the agreement is a matter of public record.

5

In sum, I conclude that the Settlement Agreement is reasonable and fair in light of the circumstances and facts in this case. The settlement grants each Plaintiff and opt-in Plaintiff full compensation for overtime work at the half-time rate within a two-year limitations period. While this settlement compromises the claims for willful violations and contains no provision for liquidated damages, such is consistent with the available evidence. The settlement regarding fees and costs to Plaintiffs' counsel was negotiated separately, and there is no evidence that such matters had any impact on the underlying settlement. No Plaintiff has evidenced any complaints concerning the fees and costs of the settlement.

The parties seek only the Court's approval of the Settlement Agreement and do not anticipate the need for a stipulated judgment.

D.

Accordingly, it is **RECOMMENDED** that the parties' **Joint Motion to Approve the Parties' Settlement** (Doc. 153), incorporating each Settlement Agreement and Full and Final Release of All Claims (Doc. 153-1) and each Acceptance and Verification of Settlement Agreement (Doc. 153-2) be **GRANTED**. It is **RECOMMENDED** further that the Court direct the prompt disbursement of the individual settlement awards and attorneys fees and costs, and upon confirmation from counsel that such has occurred, dismiss the case.

Respectfully submitted this
16th day of May 2014

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.


Copies furnished to:
The Honorable Mary S. Scriven, United States District Judge
Counsel of Record