**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JAMES BARENDS, individually and on behalf of all others similarly situated who consent to their inclusion and MELISSA THIBODEAUX, individually and on behalf of all others similarly situated who consent to their inclusion,**

    Plaintiffs,

v.                                      Case No: 8:13-cv-1623-T-35TBM

**CIRCLE K STORES, INC., a foreign corporation,**

    Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Joint Motion to Approve the Parties' Settlement (Dkt. 153). On May 8, 2014, United States Magistrate Judge Thomas B. McCoun III held a fairness hearing on the matter. Thereafter, on May 16, 2014, Judge McCoun issued a Report and Recommendation, concluding that the settlement agreement is reasonable and fair in light of the circumstances and facts in this case. In the Report and Recommendation, Judge McCoun recommended the Parties' Joint Motion to Approve the Parties' Settlement (Dkt. 153), incorporating each Settlement Agreement and Full and Final Release of All Claims (Dkt. 153-1), and each Acceptance and Verification of Settlement Agreement (Dkt. 153-2) be granted.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the Magistrate Judge's

report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo,* even in the absence of an objection.  See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the settlement agreement and file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.   The Court finds that the parties' Settlement Agreement is fair and reasonable. The Court's approval of this Settlement Agreement, however, in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation (Dkt. 157) is **CONFIRMED** and **ADOPTED** as part of this Order; and

2. Joint Motion to Approve the Parties' Settlement (Dkt.  153) is **GRANTED**.

3. Settlement Agreement and Full and Final Release of All Claims (Dkt. 157-1) is **APPROVED** and shall **Govern** the Parties' conduct in settlement of this action.

4. This case is **DISMISSED WITH PREJUDICE**. Each party shall bear its own legal fees and costs, except as specified in the parties' Settlement Agreement and Full and Final Release of All Claims. **No retainer agreement between the Plaintiff and counsel shall override or alter the amount of settlement proceeds due to the Plaintiff in accordance with the terms of the settlement agreement as approved by this Order. Counsel shall provide a copy of this order to their respective clients.**

5. The **CLERK** is directed to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of May, 2014.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

3